## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 22, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:     *Samuel C. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
        Civil No. 23-2808-CDA

Dear Counsel:

On October 18, 2023, Plaintiff Samuel C.[2] ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' filings[3] (ECFs 9 and 13). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion for summary judgment or in the alternative motion to remand, and AFFIRM the Commissioner's decision. This letter explains why.

### I.      PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on September 25, 2020, alleging a disability onset of September 1, 2005. Tr. 83. Plaintiff's claims were denied initially and on reconsideration. Tr. 91-109. On August 4, 2022, an Administrative

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on October 18, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, Commissioner O'Malley has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] In examining the record, most documents contain the name "Vernon Renner" as the claimant. The hearing testimony indicates that Mr. Renner changed his name legally to Samuel G. Constantine. Tr. 53.

[3] Standing Order 2022-04 amended the Court's procedures regarding SSA appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, parties now file dispositive "briefs" rather than "motions for summary judgment." Here, however, Plaintiff filed a motion for summary judgment or in the alternative a motion to remand. *See* ECF 9.

*Samuel C. v. O'Malley*
Civil No. 23-2808-CDA
August 22, 2024
Page 2

Law Judge ("ALJ") held an initial hearing. Tr. 50-82. On December 15, 2022, a supplemental hearing was held because additional outpatient behavioral health records were needed. Tr. 46. The ALJ decided to postpone the second hearing due an incomplete record. Tr. 47. Finally, on March 23, 2023, the ALJ held a third hearing with a completed record. Tr. 34. Following the third hearing, on April 6, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[4] during the relevant time frame. Tr. 14-31. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 29, 2020, the application date[.]" Tr. 19. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "learning disorder, generalized anxiety disorder, and major depressive disorder[.]" Tr. 19. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "speech articulation disorder and right shoulder pain[.]" Tr. 20. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 20. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following non[-]exertional limitations: The claimant can perform jobs consisting of simple, routine, and repetitive tasks, involving only simple (1- and 2-step instructions/tasks) work-related decisions, with only occasional changes in the routine work setting. He can perform jobs with occasional interaction with supervisors, coworkers (no tandem work), and no interaction with the public. Time off task during the workday can be accommodated by normal breaks, i.e. he is able to sustain concentration and attention for 2 hours at a time.

Tr. 21. The ALJ determined that Plaintiff had no past relevant work. Tr. 25. The ALJ next

---

[4] 42 U.S.C. §§ 301 et seq.

*Samuel C. v. O'Malley*
Civil No. 23-2808-CDA
August 22, 2024
Page 3

determined that Plaintiff was a "younger individual on the alleged disability onset date" and "has at least a high school education." Tr. 25. The ALJ then concluded that Plaintiff would be able to perform jobs that existed in significant numbers in the national economy. Tr. 25. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 26.

### III.    **LEGAL STANDARD**

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.    **ANALYSIS**

Plaintiff alleges the ALJ's RFC presented to the vocational expert ("VE") is legally insufficient. ECF 9-1, at 9. Plaintiff argues that the ALJ's RFC did not reflect Plaintiff's substantiated mental limitations. ECF 9-1, at 9. Defendant counters that Plaintiff's argument amounts to asking the Court to reweigh evidence already properly considered by the ALJ, thus Plaintiff's argument must fail. ECF 13, at 6. The Court agrees.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). In assessing RFC, an ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence[.]" Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996). In cases that reach step five of the sequential evaluation process, an ALJ must pose hypothetical questions to a vocational expert to determine whether the claimant's RFC precludes them from performing jobs existing in substantial numbers in the national economy. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

Plaintiff argues that it is "unconscionable that the ALJ's RFC does not include an actual off-task limitation and account for unscheduled absences." ECF 9-1, at 9. Plaintiff avers that "[o]ff task limitations and absenteeism restrictions must be reflected in the RFC, meaning [Plaintiff] should be found disabled." ECF 9-1, at 11. Here, the ALJ contemplated these limitations in their hypothetical to the VE and determined that time-off task could be

accommodated by normal breaks. Tr. 21, 40-42. Notably, an ALJ does not err by failing to consider a VE's testimony regarding time off-task, as "[i]t is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *David R. v. Comm'r of Soc. Sec.*, No. 22-0088, 2022 WL 17362156, at *7 (S.D. Ohio Nov. 30, 2022) (quoting *Winslow v. Comm'r of Soc. Sec.*, 566 F. App'x 418, 421-22 (6th Cir. 2014)). Even though the ALJ contemplated Plaintiff's unscheduled absences, a VE's testimony about absenteeism is "not required to be incorporated into the RFC" because such testimony "is a statement of the vocational expert's general observation and experience and does not pertain to [the claimant's] specific functioning." *Vicki M. o/b/o Monte H. v. Comm'r of Soc. Sec.*, No. MKD-17-0437, 2019 WL 438480, at *8 (E.D. Wash. Feb. 4, 2019) (citing 20 C.F.R. § 404.1545(a)(4)). As it has before, the Court finds no error in the ALJ's refusal to incorporate into the RFC the VE's testimony regarding off-task time and unscheduled absences. *See Michael O. v. Kijakazi*, No. BAH-22-2287, 2023 WL 4533318, at *7 (D. Md. July 13, 2023) (holding that an ALJ does not err when excluding off-task percentage or absenteeism contemplated by a VE).

Plaintiff then cites multiple portions of the transcript that he believes the ALJ failed to evaluate. ECF 9-1, 9-11. However, the ALJ assessed the evidence Plaintiff cites. For example, the ALJ considered that Plaintiff "needed extra time for doing tests" and evaluated his January 3, 2020 Individualized Education Plan ("IEP"). Tr. 22-23; *see* Social Security Ruling ("SSR") 09-2p, 2009 WL 382217, at *7629 (Feb. 18, 2009) ("IEP[s] can provide useful information about a child's functioning[,] [h]owever, the underlying purpose of these documents is not to determine disability under our rules."). The ALJ evaluated Plaintiff's "history of suicidal ideation, and [that he] was suicidal in October 2020; although his suicidal ideation was improved." Tr. 22. The ALJ contemplated in further detail Plaintiff's suicidal thoughts and ideations when discussing his February 8, 2019 emergency room visit for suicidal thoughts, a July 15, 2019 partial hospitalization for suicidal thoughts, and three episodes in which the police were called by friends due to suicidal thoughts. Tr. 22-23. Additionally, the ALJ evaluated treatment notes from Carroll County Youth Services Bureau which indicated "diagnoses of major depressive disorder and generalized anxiety disorder with improved mood." Tr. 23. The treatment notes, the ALJ stated, indicated that Plaintiff has fair attention and concentration and that he endorsed forgetfulness. The Plaintiff's "mental status examination showed his attention and concentration were intact and remained that way through November 2020." Tr. 23.

The ALJ considered Dr. Damian Ayichi's medial opinion and found it unpersuasive. Plaintiff's only issue with the ALJ's assessment of Dr. Ayichi's opinion is that the ALJ failed to include certain limitations considered by Dr. Ayichi. "The RFC determination is an issue ultimately reserved for the ALJ." *Geraldine S. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-3447, 2019 WL 3935376, at *1 (D. Md. Aug. 20, 2019); *see Jones v. Saul*, No. 20-0437, 2021 WL 1015821, at *14 (S.D.W. Va. Feb. 23, 2021), *report and recommendation adopted*, No. 20-0437, 2021 WL 1015896 (S.D.W. Va. Mar. 16, 2021) (citing 20 C.F.R. § 404.1546(c) ("to the extent that Claimant contends the ALJ did not adopt an RFC assessment endorsed by his treating physicians . . . , it is also clear that the RFC assessment lies squarely with the ALJ, not with any medical provider/examiner."). An ALJ's RFC determination must be based "on all of the relevant medical

*Samuel C. v. O'Malley*
Civil No. 23-2808-CDA
August 22, 2024
Page 5

and other evidence."  20 C.F.R. § 416.945(a)(3).  Here, the ALJ followed the proper framework when concluding that Dr. Ayichi's opinion was unpersuasive because it was inconsistent with previous exams that Dr. Ayichi conducted—which indicated that Plaintiff's concentration, attention, and memory were intact—and other examinations contained in the record.  Tr. 24.  Additionally, the ALJ found the opinion unsupported because the mental status examinations contained no "significant information" that would support the marked or extreme limitations.  Tr. 24.  For claims, such as Plaintiff's, filed after March 27, 2017, such an assessment of the weight to which a medical opinion is entitled is proper.  *See, e.g.*, *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (explaining that, pursuant to 20 C.F.R. § 404.1520c, an ALJ must evaluate the "supportability" of a medical opinion and its "consistency" with the remainder of the evidence).  The ALJ concluded that Dr. Ayichi's evaluation of Plaintiff's social interaction as 'mild' or 'moderate' did not reflect the record evidence, which indicated that Plaintiff's primary issue was social interaction, further supporting the ALJ's reasoning for finding the opinion unpersuasive.  Tr. 24.

As Defendant correctly states, Plaintiff disagrees with the conclusions reached by the ALJ and supported by substantial evidence.  *See* ECF 13, at 13.  Plaintiff does not identify any relevant medical records or testimony that the ALJ failed to consider or that the ALJ failed to resolve any evidentiary contradictions.  For those reasons, and the reasons stated above, Plaintiff's argument amounts to a request to reweigh evidence.  "This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision."  *Fiske*, 476 F. App'x at 527 (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)).  Accordingly, Plaintiff's argument must fail.

## V.     <u>CONCLUSION</u>

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge